### MINNIE S. GRIBBLE v. JOHN WAGENER.

April 27, 1900.

Nos. 12,058—(57).

**Payment by Sheriff—Order of Court—Findings not Sustained by Evidence.**

> *Held*, that the findings of fact by the trial court are not sustained by the evidence.

Action in the municipal court of St. Paul to recover from defendant sheriff of Ramsey county the sum of $132.92, collected by him, with interest. The case was tried before Orr, J., who found in favor of plaintiff for the amount demanded. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Edwin Gribble*, for respondent.

START, C. J.

This was an action in the municipal court of the city of St. Paul to recover from the defendant $132.92, the residue of money collected by him as sheriff of Ramsey county on an execution issued on a judgment in favor of the plaintiff. The defense was that, in an action or proceeding in the district court for the county of Ram-

sey to which the plaintiff, L. S. Cotton, and the defendant were parties, and in which Mr. Cotton claimed the $132.92, the court adjudged and ordered the money to be paid over to Mr. Cotton, the claimant, and that the defendant did accordingly pay it to him. The trial court found that no such order was made by the district court, and that no judgment was entered in such proceedings, and ordered judgment for the plaintiff for the amount demanded. The defendant made a motion for a new trial, which was denied, and judgment was entered on the findings, from which the defendant appealed.

The only question presented by the record for review is whether the decision of the trial court was justified by the evidence. There was no substantial conflict in the evidence, and the real question is whether the undisputed evidence required a finding that the money was paid by the sheriff to Mr. Cotton pursuant to the decision or order of the district court. That the sheriff did in good faith pay the money to Mr. Cotton is not controverted; but did the court so order? is the question. Ordinarily, such a question would be conclusively answered by a reference to the records of the court, but at the time of the trial the pleadings and the alleged order or decision in the former action were missing from the files of the court, and could not be found. Such records, however, show that the district court on April 3, 1897, by consent of the parties, directed that the claimant, Mr. Cotton, and the plaintiff herein should interplead touching the former's right to the money so in the hands of the sheriff; that the claimant forthwith file a complaint setting forth the grounds of his claim, and that the plaintiff answer in three days; that the claimant have three days thereafter in which to reply; and that the issues so found stand for trial by the court. The entries in the register of civil actions show that the complaint, answer, and reply were accordingly filed; cause tried April 20, 1897; decision filed June 15 thereafter; and proceedings stayed twenty days. Other than this, the records are silent. There was no evidence either that a formal judgment had been entered or that the action had been dismissed.

The oral evidence is practically conclusive that the decision of the court was in favor of the claimant, and was to the effect that

he was entitled to the money, and that it was paid over to him by the defendant some time in July, 1897, and that no further claim was made on him for the money until some sixteen months thereafter. The oral evidence as to the contents of the decision or order in question was substantially this: The attorney for Mr. Cotton testified that he had seen and read the decision, and it was to the effect that Mr. Cotton was entitled to the money, and that the sheriff pay it over to him. The testimony of the judge of the district court who made the decision was to the effect that his recollection was not clear as to the terms of the decision, but that he felt confident it was in the form of findings of fact and conclusions of law, in which he found that Mr. Cotton was entitled to the money, and directed judgment accordingly. The father of the plaintiff, who is her attorney in this action, who had seen and read the decision, testified as follows:

"Q. You may state whether or not that decision was an order for judgment. A. The decision was an ordinary sort of decision. The court found his findings of fact and conclusions of law, and said, 'Let judgment be entered accordingly.' There was no order in it."

The most favorable conclusion for the plaintiff that it is possible to draw from the evidence in this case is that the decision of the district court was in the form of findings of fact and conclusions of law containing an order for judgment for the claimant to the effect that he was entitled to the money, and that the sheriff pay it to him. The fact that the sheriff complied with the order before the judgment was entered affords no ethical or legal reason why he should be compelled to pay the money a second time, unless the decision or order of the court is first set aside. This has not been done. The decision was, in legal effect, an order for the payment of the money to the claimant, and, if the formal entry of a judgment was necessary, it was, at most, only an irregularity for the sheriff to comply with the order before the judgment was entered. By so doing he assumed the risk of the order being set aside by the district court or reversed on appeal. But until that contingency occurs the plaintiff cannot maintain this action.

Judgment reversed, and a new trial granted.